SONIA R. CARVALHO (SBN 162700)
CITY ATTORNEY
JOHN M. FUNK (SBN 204605)
CHIEF ASSISTANT CITY ATTORNEY
EMAIL: JFUNK@SANTA-ANA.ORG
JOSE MONTOYA (SBN 300919)
ASSISTANT CITY ATTORNEY
EMAIL: JMONTOYA@SANTA-ANA.ORG
CITY OF SANTA ANA
20 CIVIC CENTER PLAZA M-29
P.O. BOX 1988
SANTA ANA, CALIFORNIA 92702
TELEPHONE: (714) 647-5201
FACSIMILE: (714) 647-6515

Attorneys for Defendant
CITY OF SANTA ANA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICAH'S WAY, a California non-profit organization,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SANTA ANA, a municipal corporation,<br><br>        Defendant. | Case No.: 8:23-cv-00183-DOC-KES<br><br>**DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MICAH'S WAY'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:       May 1, 2023<br>TIME:       8:30 a.m.<br>COURTROOM: 10-A<br>JUDGE:   The Hon. David O. Carter |

**TO PLAINTIFF, ITS COUNSEL OF RECORD, AND THIS HONORABLE COURT:**

1

**PLEASE TAKE NOTICE** that on May 1, 2023, at 8:30 a.m., in Courtroom 10A of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant CITY OF SANTA ANA'S ("City" or "Defendant") Motion to Dismiss Plaintiff MICAH'S WAY'S ("Plaintiff") Complaint for Violation of (1) Religious Land Use and Institutionalized Persons Act and (2) First Amendment of the United States Constitution ("Complaint") will be heard.

Defendant's motion is brought on the following grounds:

1. Plaintiff's First Cause of Action for Violation of Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") fails to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's use of its property, as alleged in the Complaint, does not constitute a religious exercise under RLUIPA.

2. Plaintiff's First Cause of Action fails to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because the City's denial of Plaintiff's Certificate of Occupancy ("COO") Application and the City's 2023 COO conditions do not impose a substantial burden on Plaintiff's religious exercise, as such exercise – incidental food distribution – is alleged in the Complaint.

3. Plaintiff's Second Cause of Action fails to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because the City's zoning laws, as alleged in the Complaint, do not violate the First Amendment's Free Exercise Clause.

Defendant's motion is based on the accompanying Memorandum of Points and Authorities, on the full records of this matter, and upon such further briefing and argument as the Court may allow at the hearing on this motion.

2

This motion is made following a conference of counsel pursuant to Local Civil Rule 7-3, which took place on March 15, 2023.

Respectfully submitted,

SONIA R. CARVALHO
City Attorney, City of Santa Ana

Dated: March 22, 2023          By:    */s/  Jose Montoya*
                                      JOSE MONTOYA
                                      Assistant City Attorney
                                      JOHN M. FUNK
                                      Chief Assistant City Attorney
                                      Attorney for Defendant,
                                      CITY OF SANTA ANA

3

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................4

II.  STATEMENT OF RELEVANT FACTS AS ALLEGED IN THE
     COMPLAINT ..................................................................5

III. LEGAL STANDARD FOR A MOTION TO DISMISS ...............................7

IV.  PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF
     RLUIPA FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
     GRANTED UNDER FREDERAL RULE OF CIVIL PROCESURE
     12(B)(6) BECAUSE PLAINTIFF'S USE OF THE PROPERTY AS
     ALLEGED DOES NOT CONSTITUTE A RELAGIOUS EXERCISE
     UNDER RLUIPA .................................................................8

V.   PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM
     UPON WHICH RELIEF CAN BE GRANTED UNDER FEDERAL RULE
     OF CIVIL PROCEDURE 12(B)(6) BECAUSE THE CITY'S DENIAL OF
     PLAINTIFF'S CERTIFICATE OF OCCUPANCY APPLICATION DOES
     NOT SUBSTANTIALLY BURDEN PLAINTIFF'S RELIGIOUS
     EXERCISE ...................................................................10

VI.  PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A
     CLAIM FOR WHICH RELIEF CAN BE GRANTED BECAUSE THE
     CITY'S ZONING LAWS DO NOT VIOLATE THE FIRST
     AMENDMENT'S FREE EXERCISE CLAUSE .........................................14

VII. CONCLUSION ................................................................16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) .................7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).............................................8

*Church of Lukumi Babalu Aye v. City of Hialeah* 508 U.S. 533, 543 (1993) .........15

*Employment Div., Oregon Dep't of Human Resources v. Smith*, 494 U.S. 872, 876–77 (1990).......................................................................................................14, 15

*Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988, 989 (9th Cir. 2006) .........................................................................................11, 12

*Harbor Missionary Church Corp. v. City of San Buenaventura*, 642 F.App'x. 726, 728, n. 2. (9th Cir. 2016) ................................................................................14

*Holt v. Hobbs*, 574 U.S. 352, 357, 135 S. Ct. 853, 860 (2015) ..............................14

*Int'l Church of Foursquare Gospel*, 673 F.3d at 1067, 1068 1070 (citing *Guru Nanak*, 456 F.3d at 988) .......................................................................11, 12

*Mayweathers v. Newland*, 314 F.3d 1062, 1070 (9th Cir. 2002)...........................14

*Mintz v. Roman Catholic Bishop*, 424 F.Supp.2d 309, 318 (D. Mass. 2006)..........10

*Moss v. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ......................................8

*New Harvest Christian Fellowship v. City of Salinas*, 29 F.4th 596, 602 (9th Cir. 2022) .......................................................................................11, 12

*Ramirez v. Collier*, 142 S. Ct. 1264, 1277, 1281 (2022) (citing *Holt v. Hobbs*, 574 U.S. 352, 357, 135 S. Ct. 853, 860 (2015) .............................................14, 15

*San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1030, 1031-1032, 1034, 1035-36 (9th Cir. 2004)..............................................................11, 15

*Scottish Rite Cathedral Assn. of Los Angeles v. City of Los Angeles*, 156
  Cal.App.4th 108, 118, 119, 121 (2007)............................................8, 9, 10, 14

RULES

Federal Rule of Civil Procedure 12 ...........................................................4, 7, 8, 10,

STATUTES

Religious Land Use and Institutionalized Persons
  Act of 2000 ("RLUIPA") .................................. 4, 5, 6, 7, 8, 9, 10, 13, 14, 15

42 U.S.C. § 1983 ....................................................................................................5

42 U.S.C. § 2000cc-5(7) .......................................................................................8

42 U.S.C. § 2000cc-2(b) ......................................................................................11

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I.     INTRODUCTION

The Complaint filed by Plaintiff should be dismissed as it fails to state a cause of action upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff is a non-profit entity located at 1517 E. 4th Street in Santa Ana (the "Resource Center" or "Property") operating within the City's Professional ("P") district, and is immediately adjacent to a residential neighborhood.  Plaintiff has been the subject of multiple complaints from the neighboring Saddleback neighborhood residents because of its food distribution to individuals.  When the City learned of the complaints, it issued an administrative citation to Plaintiff for conducting business operations without a valid Certificate of Occupancy ("COO").

The Complaint stems from the City's subsequent denial of Plaintiff's COO application on grounds that Plaintiff was engaged in food distribution activities that are not permitted in the P district.

In August 2022, an internal appeal hearing was held before an administrative hearing officer who upheld the City's decision on zoning grounds but returned the matter to the City for further evaluation of Plaintiff's claim that the City's land use decision violated RLUIPA.  In its Complaint, Plaintiff has maintained that it distributes snack food and beverages inside its Resource Center but does so only as an ancillary service in connection with providing its "clients" (i.e. persons in need) with other primary services.  Plaintiff characterizes this activity as religious exercise covered by RLUIPA.  Plaintiff's Complaint, however, lacks any factual support for its claim that the City's denial of Plaintiff's COO application imposed a substantial burden on Plaintiff's religious exercise under RLUIPA, nor does the City's zoning law in the P district violate the First Amendment.

4

## II. STATEMENT OF RELEVANT FACTS AS ALLEGED IN THE COMPLAINT

For purposes of this Motion to Dismiss, only the facts as alleged in the Complaint which are relevant to this motion are recited below.

Plaintiff's Complaint alleges that a denial of its COO application and the City's subsequent application of the 2023 COO Conditions (land use regulations) deprives Plaintiff "its right to free exercise of religion, as secured by RLUIPA," by placing a substantial burden on Plaintiff's religious exercise. Complaint ("Compl."). ¶¶ 34, 109, 114, 118, 119, 121. Plaintiff also alleges violation of the First Amendment's Free Exercise Clause pursuant to 42 U.S.C. § 1983. Compl. ¶¶ 128-139.

Plaintiff alleges that it offers a variety of charitable services to the impoverished, downtrodden, and disabled individuals in Santa Ana. Compl. ¶ 6. Plaintiff alleges that the primary services that it offers to individuals in Santa Ana in furtherance of its religious beliefs in rendering charitable services include "ID vouchers; assistance in obtaining birth certificates; mail collection; hygiene materials; clothing; bus passes; hotel/motel vouchers; tuition assistance for children from poor families; counseling; delivery of food boxes to residences; referrals to other outreach services; onsite assistance for persons released at night from the Orange County jail, and many other programs and services." Compl. ¶¶ 6, 29.

Plaintiff alleges that when individuals visit its Resource Center "to obtain one or more of the services [Plaintiff] offers, [Plaintiff] gladly provides them with snack food items (muffins, pastries, fruit, etc.) and beverages (coffee, juice, water, etc.)." Compl. ¶ 7. Plaintiff compares its food activity to a law office that offers its "white-collar patrons" "coffee or lunch during meetings." Compl. ¶ 20.

Plaintiff further alleges that it "only hands out snack food and beverages

5

inside its Resource Center and does so in connection with providing its "clients" (i.e. persons in need) with other primary services.  Compl. ¶¶ 6, 29.  Plaintiff states: "Plaintiff is now extending the same hospitality to its clients that other businesses in the Professional district customarily extend in offering refreshments to the clients or customers who visit their offices."  Compl. ¶ 30.

Plaintiff alleges that in November 2021, the City began claiming that Plaintiff's act of charity in providing such food and beverage items to the poor and homeless persons who visit Plaintiff's Resource Center was not a "permitted use" in the P district in which the Resource Center is located and thus constituted a violation of the City's Municipal Code.  Compl. ¶ 8.  At the same time in November 2021, the City issued an Administrative Citation to Plaintiff and insisted that, unless Plaintiff immediately obtained a COO to use and occupy its Resource Center, Plaintiff would have to cease all operations at that location.  Compl. ¶ 10.

In January 2023, Plaintiff's initial COO application submitted in December 2022 was denied by the City on the grounds that Plaintiff's operations were not consistent with an office use nor the purpose of the General Plan designation and zoning.  Compl. ¶ 12.  In February 2022, Plaintiff applied a second time for a COO for its Resource Center and "earnestly sought to alleviate any concerns the City might have about [Plaintiff's] distribution of small amounts of food and beverages to the people [Plaintiff] served."  Compl. ¶ 12.  However, in June 2022, Plaintiff's COO Application was denied by the City on grounds that Plaintiff was engaged in food distribution activity, which implies that the primary services offered by Plaintiff were not a basis for denial.  Compl. ¶ 8.  Plaintiff alleges that it is the City's position that food distribution is a violation of the City's zoning code and is unpermitted in the Professional District.  Compl. ¶¶ 79, 122.

Plaintiff exercised its right under the City's Municipal Code to appeal the City's denial of Plaintiff's COO Application and an appeal hearing was held in

6

August 2022.  Compl. ¶ 14.  After an almost three day hearing, Plaintiff alleges that the administrative hearing officer, retired Superior Court Judge David R. Chaffee ("Judge Chaffee"), granted Plaintiff's appeal on the grounds that the City failed to "address the RLUIPA issues."  Compl. ¶ 14.

As Plaintiff stated in its complaint, following Judge Chaffee's decision, the City Attorney's Office met with Plaintiff to "negotiate a path forward in light of RLUIPA and sought a resolution that would allow it to obtain a COO to use and operate the Resource Center…"  Compl. ¶¶ 27, 112.  Plaintiff alleges that despite Plaintiff's representations that it now only hands out food and beverages inside its Resource Center and in connection with other primary services, the City has refused to alter its position and will not issue a COO unless Plaintiff agrees to institute a total ban on providing any food or beverages at the Resource Center. Compl. ¶¶ 29-31.

Plaintiff alleges that on January 11, 2023, the City notified Plaintiff via an email from the City Attorney's Office that the City would not issue a COO to the Resource Center unless Plaintiff agreed to what Plaintiff refers to the "2023 COO Conditions," but fails to list what those conditions are in the Complaint.  Compl. ¶ 32.  Plaintiff indicates that after further consideration by the City, the City's position remained unchanged that its denial of Micah's Way COO application does not impose a substantial burden on Micah's Way's religious exercise.  Compl. ¶ 34.

## III.   LEGAL STANDARD FOR A MOTION TO DISMISS

Grounds for bringing a motion to dismiss include "failure to state a claim upon which relief can be granted."  *Fed. R. Civ. P.* 12(b)(6) Dismissal is proper if there is a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacific Police Dep't*, 901

7

F.2d 696, 699 (9th Cir. 1988).  While Plaintiff is entitled to have well pled allegations taken as true, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Finally, " . . . for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling plaintiff to relief."  *Moss v. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The facts alleged in Plaintiff's Complaint are neither sufficient to support its claims nor "plausibly suggestive" of any claim contained therein.  As a result, this Court should grant Defendant's Motion to Dismiss.

IV.   <u>PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF RLUIPA FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) BECAUSE PLAINTIFF'S USE OF THE PROPERTY AS ALLEGED DOES NOT CONSTITUTE A RELIGIOUS EXERCISE UNDER RLUIPA</u>

In passing the RLUIPA, Congress intended to relax the requirement under First Amendment jurisprudence that the "religious exercise" be central to the individual's religion.  Under RLUIPA, free exercise includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A).  Particularly relevant here, RLUIPA provides that "[t]he use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose."  42 U.S.C. § 2000cc-5(7)(B); *see also Scottish Rite Cathedral Assn. of Los Angeles v. City of*

8

*Los Angeles*, 156 Cal.App.4th 108, 118 (2007).

In *Scottish Rite,* the court held that RLUIPA did not protect commercial activities conducted by the Scottish Rite Cathedral Association of Los Angeles (SRCALA) and its lessee, Los Angeles Scottish Rite Center, LLC (LASRC). *Scottish Rite*, 156 Cal.App.4th at 119. In that case, the threshold question was whether the cathedral was being used for the purpose of religious exercise when used by LASRC, an entity to which SRCALA had rented the Premises. *Id.* at 118. The court held that a burden on a commercial enterprise used to fund a religious organization does not constitue a substantial burden on religious exercise within the meaning of RLUIPA. *Id.* at 67.

Similar to *Scottish Rite*, in the instant case, the threshold question is whether the services provided by Plaintiff constitute a religious exercise. While Plaintiff is not operating a commercial use, its use of its property as an administrative office is analogous to commercial activity in the sense it is not religious exercise. For example, Plaintiff alleges that it provides individuals in Santa Ana with services such as "ID vouchers; assistance in obtaining birth certificates; mail collection; hygiene materials; clothing; bus passes; hotel/motel vouchers; tuition assistance for children from poor families; counseling; delivery of food boxes to residences; referrals to other outreach services; onsite assistance for persons released at night from the Orange County jail, and many other programs and services." Compl. ¶ 6. Plaintiff further alleges that when individuals visit its Resource Center "to obtain one or more of the services [Plaintiff] offers, [Plaintiff] gladly provides them with snack food items (muffins, pastries, fruit, etc.) and beverages (coffee, juice, water, etc.). Compl. ¶ 7.

Plaintiff alleges it is a non-profit, faith-based organization but the inquiry

9

does not stop there.  As alleged, the services provided by Plaintiff are purely administrative and are not religious in nature.  For example, the services offered by Plaintiff such as ID vouchers, assistance, counseling, mail collection and "other programs services" are secular activities performed in a normal office setting, which do not qualify as protected religious exercise under RLUIPA. Additionally, the food activity at the Property is not a service that is offered by Plaintiff but as discussed below, is merely an incidental use of minor significance.  *See Mintz v. Roman Catholic Bishop*, 424 F.Supp.2d 309, 318 (D. Mass. 2006) (finding that buildings used by religious organizations for secular activities are not automatically protected); *see also Scottish Rite*, 156 Cal.App.4th at 119 (discussing the Senate's consideration of RLUIPA noting that, despite the broad definition of "religious exercise" as the "use, building, or conversion" of real property for religious exercise, " 'not every activity carried out by a religious entity or individual constitutes "religious exercise."  In many cases, real property is used by religious institutions for purposes that are comparable to those carried out by other institutions.)  Based on the foregoing, the services offered by Plaintiff and use of its property, as alleged in the Complaint, simply do not constitute religious exercise for purposes of RLUIPA.

V.    PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) BECAUSE THE CITY'S DENIAL OF PLAINTIFF'S CERTIFICATE OF OCCUPANCY AND 2023 COO CONDTIONS APPLICATION DOES NOT SUBSTANTIALLY BURDEN PLAINTIFF'S RELIGIOUS EXERCISE

Even if Plaintiff's use of its property as described in the Complaint is construed as religious exercise, Plaintiff's claims that the City has "deprived and continue to deprive [Plaintiff] of its right to free exercise of religion, as secured

10

by RLUIPA, by imposing and implementing land use regulations that place a substantial burden on [Plaintiff's] religious exercise" must fail.  Compl. ¶ 118. Before Plaintiff may take advantage of RLUIPA, it must prove that the land use law applied to them constitutes a "substantial burden" on its religiously motivated conduct. 42 U.S.C. § 2000cc-2(b).  No set of facts in the Complaint make it possible for Plaintiff to carry its burden.

A substantial burden is one that is "oppressive to a significantly great extent" or that puts "substantial pressure" "to modify … behavior and to violate . . . beliefs."  *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006).  Although RLUIPA does not define "substantial burden," the Ninth Circuit has consistently found that a substantial burden "must place more than inconvenience on religious exercise. *New Harvest Christian Fellowship v. City of Salinas*, 29 F.4th 596, 602 (9th Cir. 2022); *Int'l Church of Foursquare Gospel*, 673 F.3d at 1068 (citing *Guru Nanak*, 456 F.3d at 988). "Thus, for a land use regulation to impose a "substantial burden," it must be "oppressive" to a "significantly great" extent. That is, a "substantial burden" on "religious exercise" must impose a significantly great restriction or onus upon such exercise."  *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (citations omitted).

The Ninth  Circuit has considered certain factors to determine the existence of a substantial burden, which "include, but are not necessarily limited to, [1] whether the government's reasons for denying an application were arbitrary, such that they could easily apply to future applications by the religious group; [2] whether the religious group has ready alternatives available to it or whether the alternatives would entail substantial uncertainty, delay, or expense; and [3] whether the religious group was precluded from using other sites in the city.  *See San Jose Christian Coll.*, 360 F.3d at 1035-36; *Guru Nanak*, 456 F.3d

11

at 989; *Foursquare Gospel*, 673 F.3d at 1067, 1070; *New Harvest Christian Fellowship*, 29 F.4th at 602.

Plaintiffs fail to meet any of the factors that the Ninth Circuit uses to determine the existence of a substantial burden because the City's decision was not arbitrary, Plaintiff's mere inconvenience would not amount to substantial uncertainty, delay, or expense, and Plaintiff is not precluded from other sites in the City, nor is the City requiring Plaintiff to abandon its current cite.

But most important – the food distribution, as described in the Complaint – is nothing more than incidental and certainly not a primary use such that any restriction on it would impose a substantial burden.  Plaintiff alleges that it offers a variety of charitable services to the impoverished, downtrodden, and disabled individuals in Santa Ana.  Compl. ¶ 6.  Food bank and food pantry are not listed as a service that is provided by Plaintiff.   As it relates to food distribution, Plaintiff's allegations focus only on limited food distribution occurring at the Property that is merely incidental and secondary to the primary services they offer.  Plaintiff alleges that when individuals visit its Property "to obtain one or more of the services [Plaintiff] offers, [Plaintiff] gladly provides them with snack food items (muffins, pastries, fruit, etc.) and beverages (coffee, juice, water, etc.)."  Compl. ¶ 7.  As further support for incidental food distribution, Plaintiff compares its food activity to a law office that offers its "white-collar patrons" "coffee or lunch during meetings."  Compl. ¶ 20.  Plaintiff further alleges that it "only hands out snack food and beverages inside its Resource Center and does so in connection with providing its "clients" (i.e. persons in need) with other primary services.  Compl. ¶¶ 6, 29.  Plaintiff states: "Plaintiff is now extending the same hospitality to its clients that other businesses in the Professional district customarily extend in offering refreshments to the clients or customers who visit their offices."  Compl. ¶ 30.

1   Under all these circumstances, as alleged, Plaintiff's food distribution is clearly

2   incidental or ancillary to the primary services it provides.  Based on Plaintiff's

3   own allegations, it is inescapable that simply providing small snack food items

4   such as a "cup of coffee and a muffin" to individuals that obtain other services

5   at the Property is a minor activity when compared to the long list of services

6   they offer.  Accordingly, any curtailment or limitation on such a minor activity

7   is a mere inconvenience and cannot possibly be a "substantial burden" as

8   contemplated by the Ninth Circuit.

9          Prohibiting Plaintiff from distributing food is not excessively burdensome

10  and does not pressure Plaintiff to modify its behavior to violation its religious

11  belief.  Compl. ¶¶ 119, 123.  As discussed above, Plaintiff's food activity is

12  incidental to its primary use of providing services to the underserved.  By

13  Plaintiff's own admission, the City has never asked Plaintiff to move from its

14  location.  Compl. ¶ 106.  Further, the City did not act arbitrarily when it was

15  willing to issue Plaintiff a COO if it ceases its food activity, which is not even a

16  primary use of the Property as explained above.  Compl. ¶¶ 119-120, 122.

17  Plaintiff presents no facts nor allegations that the City has permitted food

18  distribution for other religious and non-religious entities.  Therefore, there is no

19  substantial burden on Plaintiff's exercise of religion by restricting Plaintiff's

20  admittedly small amount of food and beverages at the Property, an ancillary use.

21

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

13

## VI. <u>PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED BECAUSE THE CITY'S ZONING LAWS DO NOT VIOLATE THE FIRST AMENDMENT FREE EXERCISE CLAUSE</u>

The Supreme Court and the Ninth Circuit and other federal courts have consistently found that RLUIPA is more protective of religious practice than the First Amendment. *Mayweathers v. Newland*, 314 F.3d 1062, 1070 (9th Cir. 2002); *Harbor Missionary Church Corp. v. City of San Buenaventura*, 642 F.App'x. 726, 728, n. 2. (9th Cir. 2016); *Ramirez v. Collier*, 142 S. Ct. 1264, 1277 (2022) (citing *Holt v. Hobbs*, 574 U.S. 352, 357, 135 S. Ct. 853, 860 (2015). In *Scottish Rite*, the court stated that in light of its determination that SRCALA's (the entity claiming religious exercise) right of religious exercise under RLUIPA was not burdened by the city's revocation of its COO, it did not need to analyze the constitutional claim of whether the COO revocation violated SRCALA's First Amendment right of free exercise. *Scottish Rite,* 156 Cal.App.4th at 121. Accordingly, if Plaintiff has not alleged facts to support a substantial burden for purposes of RLUIPA (which it has not), this means that Plaintiff has not alleged facts to support a First Amendment claim either.

As alleged and urged above, Plaintiff has not stated allegations, even if taken as true, that would constitute a violation of RLUIPA, and therefore its First Amendment claim must fail as well. If this Court should find otherwise, Plaintiff's claim under the First Amendment should still be independently dismissed for failure to state a claim.

"The First Amendment, which has been made applicable to the States by incorporation into the Fourteenth Amendment, provides that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ....' " *Employment Div., Oregon Dep't of Human Resources v.*

14

*Smith*, 494 U.S. 872, 876–77 (1990) (superseded by statute as stated in *Ramirez v. Collier*, 142 S. Ct. 1264, 1281 (2022)) (holding that a Texas prison policy preventing a death row inmate's pastor from touching and audibly praying with inmate during execution likely violated RLUIPA); *San Jose Christian Coll.*, 360 F.3d at 1030.

In *San Jose Christian College*, the Ninth Circuit found that the incidental burden upon a college's free exercise of religion is not violative of the First Amendment where the record reflects that the city's zoning ordinance applies throughout the entire city and there is no evidence to hint that the college was targeted on the basis of religion. *San Jose Christian Coll.*, 360 F.3d at 1031-32.

The same conclusion applies here. As noted by the Ninth Circuit, "[a] law is one of neutrality and general applicability if it does not aim to 'infringe upon or restrict practices because of their religious motivation,' and if it does not 'in a selective manner impose burdens only on conduct motivated by religious belief.'" *San Jose Christian Coll.*, 360 F.3d at 1031. In the instant case, the Plaintiff's Property is zoned as "Professional." This is not disputed by Plaintiff. Compl. ¶ 30. Plaintiff alleges that it is the City's position that food distribution is a violation of the City's zoning code and is unpermitted in the Professional District. Compl. ¶¶ 79, 122. The City's zoning code is neutral, has general applicability and does "not aim to infringe upon or restrict' the religious practices of Plaintiff. *Church of Lukumi Babalu Aye v. City of Hialeah* 508 U.S. 533, 543 (1993); *San Jose Christian Coll.*, 360 F.3d at 1031. Plaintiff has failed to allege any facts that the City's prohibition on food distribution is being applied in a selective matter. As Plaintiff stated in its Complaint, the City Attorney's Office even met with Plaintiff to "negotiate a path forward in light of RLUIPA and sought a resolution that would allow it to obtain a COO to use and operate the Resource Center…" Compl. ¶ 112.)

15

Plaintiff's allegations state that the City maintained that Plaintiff was "violating the City's Zoning Code by allegedly engaging in unpermitted food distribution in the Professional District" and would be willing to issue the COO for [Plaintiff's] Resources Center if Plaintiff ceased its food distribution activity. Compl. ¶¶ 79, 122.  Again, Plaintiff presents no facts nor allegations that the City has permitted food distribution for other religious and non-religious entities.  As discussed above, all food distribution activity is prohibited for all organizations and entities regardless of commercial or religious status in the City's Professional district.  Therefore, the incidental burden on Plaintiff's free exercise of religion, if any, is not violative of the First Amendment's Free Exercise Clause.

VII.   <u>CONCLUSION</u>

Based upon the foregoing, this Court should grant Defendant's motion to dismiss Plaintiff's Complaint.

<div style="margin-left:40%">

Respectfully submitted,

SONIA R. CARVALHO
City Attorney, City of Santa Ana

</div>

Dated: March 22, 2023          By:     <u>/s/ Jose Montoya</u>
JOSE MONTOYA
Assistant City Attorney
JOHN M. FUNK
Chief Assistant City Attorney
Attorney for Defendant,
CITY OF SANTA ANA

16

**PROOF OF SERVICE**

*Micah's Way. v. City of Santa Ana*
*USDC Case No.:* 8:23-cv-00183-DOC-KES

I am employed in the aforesaid county; I am over the age of eighteen and not a party to the within action; my business address is 20 Civic Center Plaza, M-29, P.O. Box 1988, Santa Ana, California 92702.

On March 22, 2023, I served the foregoing document described as: **DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF MICAH'S WAY'S COMPLAINT,** in this action by electronic mail to the following:

**SEE ATTACHED SERVICE LIST**

[ ] (MAIL)  I am readily familiar with my employer's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (FACSIMILE) The document was transmitted by facsimile transmission and was reported as complete and without error.

[ ] (E-MAIL) I caused the documents to be sent to the person(s) at the electronic service address listed below, wherein such email is transmitted that same day in the ordinary course of business.

[**X** ] (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 22, 2023, at Santa Ana, California.

*/s/  Suzanne St. Clair*
Suzanne St. Clair

1

## SERVICE LIST

*Micah's Way  v. City of Santa Ana, et al.*
*USDC Case No.:  8:23-cv-00183-DOC-KES*

| | |
|---|---|
| Edmond M. Connor<br>Douglas A. Hedenkamp<br>Tyler Palmer<br>CONOR FLETCHER & HEDENKAMP LLP<br>2211 Michelson Drive, Suite 1100<br>Irvine, CA  92612 | Attorneys for Plaintiff Micah's Way<br><br>Telephone:  (949) 622-2600<br>Facsimile:   (949) 622-2626<br><br>e-mail:<br>econnor@businesslit.com<br>dhedenkamp@businesslit.com<br>tpalmer@businesslit.com |
| Brett J. Williamson<br>Nora Salem<br>Gabe Castillo Laughton<br>O'MELVENY & MEYERS, LLP<br>610 Newport Center Drive, Suite 1700<br>Newport Beach, CA  92660 | Attorneys for Plaintiff Micah's Way<br><br>Telephone:  (949) 823-6994<br>Facsimile:   (949)  823-6994<br><br>e-mail:<br>bwilliamson@omm.com<br>nsalem@omm.com<br>gcastillolaughton@omm.com |
| Brooke Weitzman<br>William Wise<br>ELDER LAW AND DISABILITY RIGHTS CENTER<br>1535 E. 17th Street, Suite 110<br>Santa Ana, CA  92705 | Attorneys for Plaintiff Micah's Way<br><br>Telephone:  (714) 617-5353<br><br>e-mail:<br>bweitzman@eldercenter.org<br>bwise@eldrcenter.org |

2