BRETT J. WILLIAMSON (SBN 145235)
bwilliamson@omm.com
NORA N. SALEM (SBN 307968)
nsalem@omm.com
GABE CASTILLO LAUGHTON (SBN 342581)
gcastillolaughton@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Plaintiff Micah's Way
(additional counsel information on next page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

|  |  |
|---|---|
| MICAH'S WAY, a California non-profit corporation, | CASE NO. 8:23-CV-00183-DOC-KES |
| Plaintiff, | **STIPULATION DISMISSING ACTION AND RETAINING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT** |
| vs. | Date: September 18, 2023 |
| | Time: 8:30 a.m. |
| CITY OF SANTA ANA, | Courtroom: 10-A |
| Defendant. | Judge: The Hon. David O. Carter |

1

EDMOND M. CONNOR (SBN 65515)
edmond.connor@tuckerellis.com
DOUGLAS A. HEDENKAMP (SBN 216487)
douglas.hedenkamp@tuckerellis.com
TYLER PALMER (SBN 344040)
tyler.palmer@tuckerellis.com
**TUCKER ELLIS LLP**
2211 Michelson Drive, Ste 1100
Irvine, CA 92612
Telephone: (949) 622-2600
Facsimile: (949) 622-2626

BROOKE WEITZMAN (SBN 301037)
bweitzman@eldrcenter.org
WILLIAM WISE (SBN 109468)
bwise@eldrcenter.org
**ELDER LAW AND DISABILITY RIGHTS CENTER**
1535 E. 17th St., Ste 110
Santa Ana, CA 92705
Telephone: (714) 617-5353

Attorneys for Plaintiff Micah's Way

**WHEREAS**, following settlement discussions, plaintiff Micah's Way and defendant City of Santa Ana (collectively, the "Parties") have entered into a Settlement Agreement, a true and correct copy of which is attached as Exhibit "A" hereto and is incorporated herein by reference (the 'Settlement Agreement").

**NOW, THEREFORE,** the Parties, by and though their undersigned attorneys of record, stipulate and agree as follows:

1.     The Court shall enter an Order that incorporates all of the terms of the Settlement Agreement.

2.     Pursuant to such Order, the Court shall retain exclusive jurisdiction in this Action to resolve any future disputes between the Parties regarding the interpretation, breach, or enforcement of the Settlement Agreement for a period of seven (7) years from the Effective Date of the Settlement Agreement, provided that

3

STIPULATION DISMISSING ACTION AND RETAINING JURISDICTION TO
ENFORCE SETTLEMENT AGREEMENT

Micah's Way continues to use and occupy the property located at 1517 E. 4th Street in Santa Ana, California during such time period.

3.  Subject to the above provisions, the Order shall dismiss the Action without prejudice.

**IT IS SO STIPULATED**

Dated: September 8, 2023

Edmond M. Connor
Douglas A. Hedenkamp
Tyler Palmer
**TUCKER ELLIS LLP**

By _____
Edmond M. Connor
Attorneys for Plaintiff Micah's Way

Dated: September 8 , 2023

Brett J. Williamson
Nora N. Salem
Gabe Castillo Laughton
**O'MELVENY & MYERS LLP**

By _____
Brett J. Williamson
Attorneys for Plaintiff Micah's Way

Dated: September 12 , 2023

Brooke Weitzman
**ELDER LAW AND DISABILITY
RIGHTS CENTER**

By _____
Brooke Weitzman
Attorneys for Plaintiff Micah's Way

Dated: September 8 , 2023

Sonia R. Carvalho City Attorney
John M. Funk Sr. Asst. City Attorney
Jose Montoya Asst. City Attorney
**SANTA ANA CITY ATTORNEYS
OFFICE**

By _____
Jose Montoya, Assistant City
Attorney
Attorneys for Defendant City of
Santa Ana

4

STIPULATION DISMISSING ACTION AND RETAINING JURISDICTION TO
ENFORCE SETTLEMENT AGREEMENT

# Exhibit A

DocuSign Envelope ID: 3B99AD9E-11B9-4253-A93B-5A95508756C9

A-2023-153

INSURANCE NOT REQUIRED
WORK MAY PROCEED
CITY CLERK

DATE:

0: CROCO)
(J.Montoya) FM

AUG 3 1 2023

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of August 28, 2023, by and between plaintiff Micah's Way ("MW") and defendant City of Santa Ana (the "City") [hereinafter, MW and the City shall be collectively referred to as the "Parties" and/or individually as a "Party"].

## RECITALS

A.      MW is an all-volunteer, non-profit organization that, since its formation in 2005, has been engaged in Christian ministry in providing a variety of onsite and offsite charitable services to persons in need, including individuals who are impoverished, downtrodden, disabled, and/or housing insecure.

B.      For nine years from 2005 to 2016, MW's headquarters, i.e., its Resource Center, was located on 17th Street in Santa Ana.  In or about May 2016, MW relocated its Resource Center to 1517 E. 4th Street in Santa Ana, which consists of a one-story, single-family residential structure that has been converted for office use (the "Property").  The Property is located within the City's "Professional" zoning district (the "Professional District").  MW currently leases the Property from its owner.

C.      The charitable services MW currently provides onsite at its Resource Center include ID vouchers; assistance in obtaining birth certificates; mailing address and mail collection for pick-up; hygiene materials; clothing; bus passes; hotel/motel vouchers; tuition assistance for children from low-income families; counseling; and other general outreach and referral services.  MW also provides offsite charitable services, including assistance for persons released at night from the Orange County jail and the delivery of boxes of food to low-income families or individuals who are housed.  The services generally described in this Recital C, which is not intended to be an exhaustive list of such services, shall collectively be referred to as MW's "Charitable Services."

D.      In connection with providing persons who visit its Resource Center with one or more of the Charitable Services described above, MW also provides any such visitors who are hungry or thirsty with something to eat or drink, such as snack food items (muffins, pastries, fruit, etc.) and beverages (coffee, juice, water, etc.).  Likewise, MW may occasionally provide canned goods and other food items to persons who come to the Resource Center in need of food and have a vehicle to transport the food goods.  The food distribution services generally described in this Recital D constitute part of MW's Charitable Services, but, for purposes of this Agreement, such services shall collectively be referred to as MW's "Incidental Food Activities."

E.      On December 27, 2021, and again on February 2, 2022, MW applied to the City for a Certificate of Occupancy ("COO") to use and occupy the Property as MW's Resource Center.  By letter of June 7, 2022, the City denied MW's second COO application on the grounds that (1) MW was engaged in food distribution activities as one of its primary uses of the Property and (2) food distribution is an unpermitted use in the City's Professional District.

1

F.       From approximately June to September 2022, the Parties were involved in administrative proceedings relating to MW's appeal of the City's denial of MW's COO application. Upon the disposition of MW's appeal and, for the period from approximately September 2022 to January 2023, MW and the City exchanged a series of communications regarding the conditions under which the City would agree to issue a COO for MW to use and occupy the Property. However, the Parties were unable to reach an agreement in this regard.

G.       On January 30, 2023, in U.S. District Court for the Central District of California, Southern Division (the "Court"), MW filed that certain "Complaint for (1) Violation of Religious Land Use and Institutionalized Persons Act and (2) Violation of First Amendment to the United States Constitution" (the "Complaint") against the City and thereby commenced that certain civil action entitled Micah's Way v. City of Santa Ana, Case No. 8:23-CV-00183-DOC-KES (the "Action").

H.       The Parties recognize that continued litigation between them would require substantial time, effort, and expense unless the Action is settled and dismissed without prejudice in accordance with the terms and conditions set forth below.

I.       Accordingly, without waiving, releasing, abandoning, or in any way precluding any of their respective rights, privileges, claims, or defenses that are based upon, arise out of, or otherwise relate to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),, the U.S. Constitution, the California Constitution, the Santa Ana Municipal Code, or any other applicable statutes, laws, or regulations (collectively, the "Applicable Laws"), the Parties wish to enter into this Agreement to (1) avoid the expense, inconvenience, and uncertainty of litigation and (2) set forth the terms and conditions pursuant to which the City will issue a COO to MW for the use and occupancy of the Property.

    **NOW, THEREFORE**, in light of the foregoing Recitals which are incorporated herein as part of this Agreement, and in consideration of the representations, warranties, promises, covenants, and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the following terms and conditions:

## **TERMS AND CONDITIONS**

1.0       Court's Entry of Stipulated Order.

    1.1 Entry of Stipulated Order Is Condition Subsequent. This Agreement shall be subject to and conditioned upon the Court's entry of the Stipulation and [Proposed] Order Dismissing Action and Retaining Jurisdiction to Enforce Settlement Agreement (the "Stipulated Order"), a copy of which is attached as Exhibit "A" hereto and is incorporated herein. In this regard, the Parties' respective duties and obligations set forth in Section 3 of this Agreement shall only become effective upon the date on which the Court enters the Stipulated Order.

1.2 <u>Execution and Delivery of Stipulation</u>. Concurrently with the execution and delivery of this Agreement, the Parties shall cause their respective attorneys of record in the Action to execute and exchange with each other the signature pages from the Stipulation portion of the Stipulated Order. Upon the Stipulation being fully executed by the Parties' respective counsel, MW shall cause its attorneys to promptly submit the Stipulated Order to the Court for its signature.

1.3 <u>Nullification of Agreement.</u> In the event that the Court (a) declines to enter the Stipulated Order or (b) materially revises the Stipulated Order before entering it and both Parties do not agree in writing to accept such revisions, then this Agreement shall automatically be deemed null and void upon one of the Parties providing written notice of such nullification to the other Party.

2.0     <u>Mutual Covenants</u>.

2.1 <u>MW's Covenant.</u> For a period of seven (7) years from the Effective Date of this Agreement, MW covenants and agrees that, before (a) seeking relief from the District Court to enforce this Agreement or (b) filing suit against the City  or any of its council members, officers, employees, or authorized agents or representatives (collectively, the "City's Related Persons") relating to any claims or causes of action (a) arising out of MW's use or occupancy of the Property and (b) based upon any of MW's existing or potential rights, privileges, or defenses arising under any of the Applicable Laws, MW shall first comply with its obligations under the terms of the Dispute Resolution Process set forth in Section 4 below.

2.2 <u>City's Covenant.</u> For a period of seven (7) years from the Effective Date of this Agreement, the City covenants and agrees that, before (1) seeking relief from the District Court to enforce this Agreement or (2) filing suit, or taking any administrative action, (including, but not limited to, the issuance of any administrative citations, the imposition of any fines, or the commencement of any nuisance abatement proceedings), against MW, or any of its directors, officers, members, volunteers, clients, or authorized agents or representatives (collectively, "MW's Related Persons") relating to any claims or causes of action  (a) arising out of MW's use or occupancy of the Property and (b) based upon any of the City's existing or potential rights, privileges, or defenses arising under any of the Applicable Laws, the City shall first comply with its obligations under the terms of the Dispute Resolution Process set forth in Section 4 below.

3.0     <u>Issuance of COO and Business License; Permitted and Unpermitted Uses at the Property</u>

3.1 <u>Issuance of COO and Business License</u>. Upon the Court's entry of the Stipulated Order, MW shall promptly submit a new COO Application and new Business License Application (and any required payment) to the City. No later than ten (10) business days after receipt of these Applications, the City shall issue a valid COO and a valid Business License to MW, permitting MW to use and occupy the Property for its Charitable Services, including its Incidental Food Activities, in accordance with the terms and conditions of this Agreement. In issuing the COO and Business License to MW, the City shall deem MW's Resource Center at the Property to meet the definition of "Professional, business, and administrative office," as set forth in Section 41-127.5 of the Santa Ana Municipal Code.

3

3.2   Permitted Uses at the Property.   Upon receiving the COO and Business License, MW shall be allowed to provide its Charitable Services, and engage in its Incidental Food Activities, at the Property, provided, however, that such Incidental Food Activities shall only take place inside the building at MW's Resource Center, except on those occasions when MW is required to make reasonable accommodations to persons with disabilities, as such terms are defined by the Americans with Disabilities Act, state law or other applicable law.   For families with vehicles and housing, MW may provide occasional boxes or bagged groceries to avoid daily visits as necessary and any such food items shall be placed directly into the clients' vehicles.

3.3   MW's Clean-up Activities.   On any day of the week that MW provides its Charitable Services, MW shall use its best efforts to undertake neighborhood clean-up activities within a minimum of fifty (50) feet from the perimeter of the Resource Center (the "Clean-Up Area") to prevent the accumulation of any possible litter or waste associated with MW's operations. Notwithstanding the time limits specified in Section 4.3 below, in the event that a Dispute of a material nature arises regarding MW's clean-up activities involving allegations by the City that more than just an insubstantial amount of litter or waste reasonably attributable to any of MW's operations has accumulated within the Clean-Up Area and, after receiving notice from the City of such condition, MW has failed or refused to fully abate such condition within two (2) court days after receiving such notice, the City shall comply with its respective obligations under the terms of the Dispute Resolution Process set forth in Sections 4.1 through 4.6 below, except that the Parties shall endeavor to meet and confer regarding the Dispute as soon as is reasonably possible, but not later than two (2) court days, after being provided with a Dispute Notice by the City.

3.4   Uses Not Permitted at the Property.   MW shall not be allowed to distribute at the Property hot prepared meals, plates of food, or items that require refrigeration for storage.   In addition, MW shall not establish or operate an outdoor feeding station at the Property to provide its clients or other members of the public, regardless of housing status, with food or beverage items, such as sandwiches, coffee, pastries, doughnuts, muffins, canned goods, etc., on a regular basis.

3.5   Agreement Applies to Onsite, Not Offsite, Services.   This Agreement is intended to govern and apply to the Charitable Services provided by MW onsite at the Property.   The Agreement is not intended to, and shall not, govern or apply to any services or activities conducted by MW or MW's Related Persons at offsite locations, such as the Orange County Jail.

4.0   Dispute Resolution Process.

4.1   Court's Retention of Jurisdiction.   The Court shall retain jurisdiction over the Action for a period of seven (7) years from the Effective Date of this Agreement for the purposes of (a) overseeing the implementation of this Agreement, and (b) implementing and presiding over the dispute-resolution process (the "Dispute Resolution Process") described below.

4.2   Resolution of Disputes.   Except as may be modified by the Court, or the Parties with the Court's consent, during the seven (7)-year period of the Court's continued jurisdiction, this Dispute Resolution Process shall apply to resolve and adjudicate any and all disputes,

4

controversies, or claims (collectively, "Disputes" and individually, "Dispute") arising out of or relating to (a) the breach, enforcement, or interpretation of any of the terms or conditions of this Agreement or (b) the determination of the scope of the Meet and Confer, Mediation, and Enforcement Motion procedures set forth below.

4.3 <u>Meet and Confer Requirement</u>. Should any Dispute arise between the Parties, the complaining Party (the "Complainant") shall provide the other Party (the "Responding Party") with written notice (the "Dispute Notice") describing the precise nature of the Dispute and shall also provide whatever evidence or information the Complainant possesses that the Complainant believes is relevant to the Dispute. Within five (5) court days after receipt of the Dispute Notice, the Responding Party shall provide whatever evidence or information the Responding Party possesses that the Responding Party believes is relevant to the Dispute. Within ten (10) court days following service of the Dispute Notice, the Parties shall meet and confer in an informal effort to resolve the Dispute without any further proceedings. If the Dispute is resolved through the Meet and Confer process, the Parties shall memorialize their resolution of the Dispute in a writing to be signed by the Parties.

4.4 <u>Preservation of Status Quo Ante Following Receipt of Dispute Notice; Injunctive Relief.</u> Upon receipt of a Dispute Notice, and until the Dispute Resolution Process has been completed in accordance with the procedures set forth in Sections 4.3 through 4.6, inclusive, both of the Parties shall maintain and preserve the status quo as it existed before the Dispute arose and shall forbear and refrain from materially altering such status quo ante. In the event that one of the Parties does not comply with the provisions of this Section 4.4, the other Party may apply to the Court for a temporary restraining order and/or a preliminary injunction to preserve the status quo ante pending the completion of the Dispute Resolution Process.

4.5 <u>Mediation.</u> Should any Dispute not be resolved within ten (10) court days following service of the Dispute Notice through the Meet and Confer process described above, either Party may request that the Dispute be submitted to a one-day mandatory mediation before the U.S. Magistrate Judge assigned to the Action. The Parties shall cooperate in expediting the scheduling of the Mediation. If the Dispute is resolved through the Mediation process, the Parties shall memorialize their resolution of the Dispute in a writing to be signed by the Parties.

4.6 <u>Enforcement Motion</u>. Should any Dispute not be resolved through the Meet and Confer and Mediation processes described above, the Complainant may file and serve a noticed motion (the "Enforcement Motion") with the Court to enforce the Agreement and resolve the Dispute. Unless the Court orders otherwise, the Court's normal rules governing the scheduling of motions and the filing and service of motion papers, opposition papers, and reply papers shall apply to the Enforcement Motion. The prevailing Party in connection with any Enforcement Motion shall be entitled to apply to the Court for an award of its attorney's fees and expenses incurred in connection with the Dispute Resolution Process. However, the Court shall not be empowered to award any compensatory damages to the prevailing Party that were proximately caused by or were otherwise sustained as a result of the Dispute.

5.0  Waiver and Release of Any Legal Expenses Incurred As of Effective Date of Agreement.

Each of the Parties hereby waives and releases the other Party from any obligation to pay any legal expenses, including any attorney's fees, costs, and expenses, that each Party may have incurred as of the Effective Date of this Agreement as a result of or otherwise arising out of (a) any pre-litigation, administrative activities or proceedings relating to MW's application for, or MW's appeal of the City's denial of, a COO for the use and occupancy of the Property; (b) the Action; or (c) the resolution, negotiation, and settlement of the Action, including the negotiation of this Agreement.

6.0  Additional Provisions

6.1  Non-Admission of Liability.  By entering into this Agreement, neither Party is admitting any liability, and this Agreement should not be construed as an admission of liability by any Party.

6.2  Knowing and Voluntary.  Each person signing below represents that he/she has reviewed all aspects of this Agreement, that the Agreement has been carefully read and fully explained to them and that they understand every provision of this Agreement, that they voluntarily agree to all the terms set forth in this Agreement, that they knowingly and willingly intend to be legally bound by the same, and that they were given the opportunity to consider the terms of this Agreement and discussed them with legal counsel.

6.3  Entire Agreement.  This Agreement is fully integrated and contains the entire agreement and understanding between the Parties and supersedes any and all prior agreements, arrangements or understandings of any kind or nature between the Parties with regard to the subject matters hereof.

6.4  Warranty of Authority.  Each signatory to this Agreement hereby warrants that he or she has the authority to enter into this Agreement and bind the Party on whose behalf he or she is executing this Agreement. The Parties further represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the Parties or by the Parties' respective agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this Agreement.

6.5  Counterparts.  This Agreement may be executed in counterparts with the same effect as if all original signatures were placed on one document, and which, when taken together, shall constitute one original agreement. Electronic, PDF, DocuSign, or equivalent electronic or facsimile signatures, will have the same force and effect as an original signature. A photocopy or electronic copy this Agreement, or any part thereof, may be substituted in place of the original version of the same.

6.6  Interpretation.  Both Parties have participated in drafting this Agreement, and accordingly, any ambiguity herein shall not be construed for or against either Party.

DocuSign Envelope ID: 3B99AD9E-11B9-4253-A93B-5A95508756C9

6.7   <u>Modification of Agreement</u>.  This Agreement may not be altered, amended, modified or otherwise changed in any respect, except in writing signed by the authorized representatives of both Parties.

6.8   <u>Notices</u>.  All notices and other communications required by or relating to this Agreement shall be in writing and shall be deemed given when delivered both by a recognized overnight courier service and by e-mail transmission to the Party in question at the following addresses, or at such other addresses for a Party as shall be specified by like notice, provided that a notice of change of address(es) shall be effective only from the date of its receipt by the other Party.  The Party giving notice shall contemporaneously transmit to the other Party and the attorneys for such other Party (at the respective e-mail addresses set forth below) a courtesy e-mail copy of any notices or communications sent concerning this Agreement.  However, no notice shall be deemed effective until it has been delivered by a nationally recognized overnight courier service, unless receipt of notice delivered by e-mail is expressly acknowledged by the Party receiving notice.

(a)     <u>if to MW, then to</u>:
Vaskin Koshkerian
President
Micah's Way
1517 E. 4th Street
Santa Ana, CA 92701
E-mail: vkoshkerian@gmail.com

<u>With a copy to</u>:
Tucker Ellis LLP
2211 Michelson Drive, Suite 1100
Irvine, CA  92612
Attention:  Edmond M. Connor
            Douglas A. Hedenkamp
E-mail: edmond.connor@tuckerellis.com
E-mail: douglas.hedenkamp@tuckerellis.com

<u>And a copy to</u>:
O'Melveny & Meyers LLP
610 Newport Center Drive, Ste. 1700
Newport Beach, CA 92660
Attention: Brett J. Williamson
            Nora Salem
            Gabe Castillo Laughton
E-mail: bwilliamson@omm.com
E-mail: nsalem@omm.com
E-mail: gcastillolaughton@omm.com

(b)     if to the City, then to:

> Clerk of the City Council
> City of Santa Ana
> 20 Civic Center Plaza (M-30)
> P.O. Box 1988
> Santa Ana, CA 92702-1988
> Fax: 714- 647-6956

With courtesy copies to:

> City Attorney's Office
> City of Santa Ana
> 20 Civic Center Plaza (M-29)
> P.O. Box 1988
> Santa Ana, California 92702
> Fax:714-647-6515

6.9 Severability. In the event any condition, covenant, or provision set forth in this Agreement is held to be invalid, unenforceable or void by any Court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way effect any other condition, covenant, or provision herein contained, and the remainder of this Agreement shall continue to be valid and enforceable. If such condition, covenant, or other provision shall be deemed invalid or unenforceable due to scope or breadth, such provision shall be deemed valid to the extent of the scope or breadth permitted by law.

6.10 Successors and Assigns. This Agreement shall bind and inure to the benefit of the Parties, and their respective officers, directors, employees, members, volunteers, agents, lessors, successors, and assigns.

6.11 Effective Date. The Parties deem this Agreement to be effective as of the date that the Agreement is fully signed and delivered by each Party and, upon such execution and delivery, the "Effective Date" of this Agreement shall be the date first set forth above.

[This space intentionally left blank]

[Signatures on the following page]

8

A-2023-153

**In Witness Whereof,** this Agreement is hereby entered into and executed by the Parties on the dates set forth below.

**DEFENDANT**                          CITY OF SANTA ANA, a charter law city and municipal
                                       corporation, duly organized and existing under the
Dated:    8/31/23                      Constitution and laws of the State of California


                                       By: _____
                                           Kristine Ridge, City Manager


**ATTEST:**                            CITY OF SANTA ANA, a charter law city and municipal
                                       corporation, duly organized and existing under the
Dated: 8/31/2023                       Constitution and laws of the State of California


                                       By: _____
                                           Jennifer L. Hall, City Clerk


**PLAINTIFF**                          **MICAH'S WAY**

Dated: 8/29/2023                       By: _____
                                           Vaskin Koshkerian, President


[This space intentionally left blank]


[Signatures continued on the following page]

DocuSign Envelope ID: 3B99AD9E-11B9-4253-A93B-5A95508756C9

**APPROVED AS TO FORM:**

SONIA R. CARVALHO,
CITY ATTORNEY
City of Santa Ana

Dated: __8/28/23_____   By_____
                                   Jose Montoya
                                   Assistant City Attorney
                                   Attorney for Defendant
                                   CITY OF SANTA ANA

Dated: __08/29/2023_____       Edmond M. Connor
                                 Douglas A. Hedenkamp
                                 Tyler Palmer
                                 TUCKER ELLIS LLP

                                 By _____
                                    Edmond M. Connor
                                    Attorneys for Plaintiff Micah's Way

# EXHIBIT A

1  BRETT J. WILLIAMSON (SBN 145235)
2  bwilliamson@omm.com
   NORA N. SALEM (SBN 307968)
3  nsalem@omm.com
4  GABE CASTILLO LAUGHTON (SBN
   342581)
5  gcastillolaughton@omm.com
6  **O'MELVENY & MYERS LLP**
   610 Newport Center Drive, Suite 1700
7  Newport Beach, California 92660
8  Telephone: (949) 823-6900
   Facsimile: (949) 823-6994
9
10 Attorneys for Plaintiff Micah's Way
   (additional counsel information on next page)
11

12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15

16                                    | CASE NO. 8:23-CV-00183-DOC-KES

17 MICAH'S WAY, a California non-
   profit corporation,                  **STIPULATION AND [PROPOSED]**
18                                      **ORDER DISMISSING ACTION**
            Plaintiff,                  **AND RETAINING JURISDICTION**
19                                      **TO ENFORCE SETTLEMENT**
                                        **AGREEMENT**
20      vs.

21

22 CITY OF SANTA ANA,

23         Defendant.

24

25

26

27

28                                    1
   STIPULATION AND [PROPOSED] ORDER DISMISSING ACTION AND
   RETAINING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

EDMOND M. CONNOR (SBN 65515)
edmond.connor@tuckerellis.com
DOUGLAS A. HEDENKAMP (SBN 216487)
douglas.hedenkamp@tuckerellis.com
TYLER PALMER (SBN 344040)
tyler.palmer@tuckerellis.com
**TUCKER ELLIS LLP**
2211 Michelson Drive, Ste 1100
Irvine, CA 92612
Telephone: (949) 622-2600
Facsimile: (949) 622-2626

BROOKE WEITZMAN (SBN 301037)
bweitzman@eldrcenter.org
WILLIAM WISE (SBN 109468)
bwise@eldrcenter.org
**ELDER LAW AND DISABILITY RIGHTS CENTER**
1535 E. 17th St., Ste 110
Santa Ana, CA 92705
Telephone: (714) 617-5353

Attorneys for Plaintiff Micah's Way

**WHEREAS,** following settlement discussions, plaintiff Micah's Way and defendant City of Santa Ana (collectively, the "Parties") have entered into a Settlement Agreement, a true and correct copy of which is attached as Exhibit "A" hereto and is incorporated herein by reference (the 'Settlement Agreement").

**NOW, THEREFORE,** the Parties, by and though their undersigned attorneys of record, stipulate and agree as follows:

1.       The Court shall enter an Order that incorporates all of the terms of the Settlement Agreement.

2.       Pursuant to such Order, the Court shall retain exclusive jurisdiction in this Action to resolve any future disputes between the Parties regarding the interpretation, breach, or enforcement of the Settlement Agreement for a period of seven (7) years from the Effective Date of the Settlement Agreement, provided that

3

1  Micah's Way continues to use and occupy the property located at 1517 E. 4th Street

2  in Santa Ana, California during such time period.

3      3.      Subject to the above provisions, the Order shall dismiss the Action

4  without prejudice.

6  **IT IS SO STIPULATED**

7  Dated: August ___, 2023          Edmond M. Connor

8                                   Douglas A. Hedenkamp
                                     Tyler Palmer

9                                   **TUCKER ELLIS LLP**

    By _____
10
                                     Edmond M. Connor
11                                   Attorneys for Plaintiff Micah's Way

12  Dated: August ___, 2023          Brett J. Williamson

13                                   Nora N. Salem
                                     Gabe Castillo Laughton
14                                   **O'MELVENY & MYERS LLP**

    By _____
15
                                     Brett J. Williamson
16                                   Attorneys for Plaintiff Micah's Way

17  Dated: August ___, 2023          Brooke Weitzman

18                                   **ELDER LAW AND DISABILITY
                                     RIGHTS CENTER**
19
    By _____
20
                                     Brooke Weitzman
21                                   Attorneys for Plaintiff Micah's Way

22  Dated: August ___, 2023          Sonia R. Carvalho City Attorney

23                                   John M. Funk Sr. Asst. City Attorney
                                     Jose Montoya Asst. City Attorney
24                                   **SANTA ANA CITY ATTORNEYS
                                     OFFICE**
25
    By _____
26
                                     Jose Montoya, Assistant City
27                                   Attorney
                                     Attorneys for Defendant City of
28                                   Santa Ana

                                     4

1    **NOW, THEREFORE**, pursuant to Federal Rule of Civil Procedure 41(a)(2),

2    and good cause appearing from the foregoing Stipulation, the Court HEREBY

3    ORDERS AND DECREES as follows:

4        1.    The terms of the Settlement Agreement are incorporated herein as if

5    set forth in full hereat.

6        2.    The Court hereby retains exclusive jurisdiction in this Action to

7    resolve any future disputes between the Parties regarding the interpretation, breach,

8    or enforcement of the terms of the Settlement Agreement for the period of seven (7)

9    years from the Effective Date of the Settlement Agreement, i.e., August 25, 2023.

10       3.    Subject to the above provisions, the Action is hereby dismissed

11   without prejudice.

12

13   **IT IS SO ORDERED.**

14   Dated: _____, 2023

15                                    Hon. David O. Carter

16                                    Judge, United States District Court

17

18

19

20

21

22

23

24

25

26

27

28
                                    5

## PROOF OF SERVICE BY ELECTRONIC DELIVERY

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2211 Michelson Drive, Suite 1100, Irvine, CA 92612.  My email address is lynn.pham@tuckerellis.com.

On September 12, 2023, I served the attached document(s) described as:

**STIPULATION DISMISSING ACTION AND RETAINING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT**

☒     with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following person(s):

NAME AND ADDRESS OF PERSON SERVED:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 12, 2023, at Irvine, California.

Lynn Pham

**<u>Service List</u>**
*Micah's Way v. City of Santa Ana*
*USDC Case No.: 8:23-cv-00183-DOC-KESx*

| | |
|---|---|
| Sonia Carvalho<br>John N. Funk<br>Jose Montoya<br>**CITY OF SANTA ANA**<br>20 Civic Center Plaza M-29<br>P.O. Box 1988<br>Santa Ana, CA 92702<br>T: (714) 647-5201<br>F: (714) 647-6515<br>jfunk@santa-ana.org<br>jmontoya@santa-ana.org | Attorneys for Defendant City of Santa Ana |
| Gabe Castillo Laughton<br>Nora Salem<br>Brett J. Williamson<br>**O'MELVENY & MYERS LLP**<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>T: (949) 823-6900<br>F: (949) 823-6994<br>gcastillolaughton@omm.com<br>nsalem@omm.com<br>bwilliamson@omm.com | Attorneys for Plaintiff Micah's Way |
| Brooke Weitzman<br>William Wise<br>**ELDER LAW AND DISABILITY RIGHTS CENTER**<br>1535 E. 17th St., Ste 110<br>Santa Ana, CA 92705<br>T: (714) 617-5353<br>bweitzman@eldrcenter.org<br>bwise@eldrcenter.org | Attorneys for Plaintiff Micah's Way |